IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-10-434 |
| | § | |
| JOE PHILLIPS and DOROTHY PHILLIPS | § | |

**MEMORANDUM AND OPINION**

Defendants Joe Phillips and Dorothy Phillips have both filed motions for severance. Joe Phillips argues that if there is a severance, his codefendant might provide favorable testimony. Dorothy Phillips argues that her codefendant may have provided statements that might inculpate her and that the evidence against her is slight. The government has opposed both motions.

**I.      The Legal Standard**

Defendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy. *United States v. Booker*, 334 F.3d 406, 416 (5th Cir. 2003) (citing *United States v. Manges*, 110 F.3d 1162, 1174 (5th Cir. 1997). However, if the joinder of offenses or defendants in an indictment appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide other relief. Fed. R. Crim. P. 14(a).

**II.     Joe Phillips's Motion**

Joe Phillips has not shown that a severance is required based on the need to obtain favorable testimony from his codefendant, Dorothy Phillips. To obtain a severance on this basis, Joe Phillips had to show: "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; [and] (4) that the co-defendant would in fact testify if severance were

granted." *United States v. Villarreal,* 963 F.2d 725, 732 (5th Cir.1992); *United States v. Aucoin*, 390 Fed. App'x. 336, 344, 2010 WL 3007746, 6 (5th Cir.).  On the need for a severance to obtain exculpatory testimony, Joe Phillips's motion stated only that if his trial was severed, Dorothy Philips would be available to testify.  (Docket Entry No. 63, p. 3).  This brief statement failed to argue any of the four necessary factors.  The motion fails to provide the showing necessary for a severance.

### III.  Dorothy Phillips's Motion

Dorothy Phillips seeks a severance on the basis that Joe Phillips may have provided statements that inculpate her.  The government argues that it has no intention of offering any statement that Joe Phillips may have made that would violate *Bruton v. United States*, 391 U.S. 123 (1968).  The case law is clear that if the government does not at trial enter any statements by one defendant against codefendants, there would be no prejudice that would result in an unfair trial. United States v. Peterson, 244 F.3d 385, 393 (5th Cir. 2001) ("To prevail, the defendant must show that: (1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration.")

Dorothy Phillips also argues that because the evidence against her is only *de minimis*, she faces prejudice as a result of the spillover effect of the evidence against her codefendant.  Dorothy Philips has not shown the requisite "clear, specific, and compelling prejudice" so as to require severance. *United States v. Posada–Rios,* 158 F.3d 832, 863 (5th Cir.1998).  "A spillover effect, by itself, is an insufficient predicate for a motion to sever." *United States v. Bieganowski,* 313 F.3d 264, 287 (5th Cir.2002).   This court will instruct the jury that it must consider the evidence separately as to each defendant.  Juries are expected to follow such an instruction and to compartmentalize the

evidence for separate defendants. *See, e.g., United States v. Williams*, 809 F.2d 1072, 1084 (5th Cir. 1984).

The motions to sever are denied.

SIGNED on September 20, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge